UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETERSON BARZIE,

              Plaintiff,

    v.

JOHN DOE LOCHOW et al.

              Defendants.

CASE NO. C11-5628 BHS-JRC

REPORT AND RECOMMENDATION:

NOTED FOR: OCTOBER 19, 2012

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Defendants have filed a motion asking that the Court grant them summary judgment (ECF No. 15). Plaintiff has not responded and the time for filing and response has past. After reviewing the file, the Court recommends granting defendants' motion.

      Plaintiff alleges that defendants assaulted him during a disciplinary hearing at the King County Jail (ECF No. 6). Plaintiff is now incarcerated at the North West Detention Center in Tacoma, Washington. Defendants present evidence showing that plaintiff became assaultive

REPORT AND RECOMMENDATION: - 1

during the disciplinary hearing, refused several orders to leave the area, and force was employed to keep him from assaulting the hearings officer (ECF No. 15 through 20).

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

The use of excessive force by a law enforcement officer states a valid claim under 42 U.S.C. § 1983. The Court's threshold inquiry for such a claim is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Court's inquiry in an excessive force case is an objective one: whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989).

Defendants have submitted evidence that plaintiff's actions during a disciplinary hearing posed a threat to defendant Lochow, the hearing officer (ECF No. 15, pages 2-3). Once

defendants submitted evidence, plaintiff has the burden of going beyond the mere allegations in the complaint and must submit admissible evidence to contradict defendants' evidence. Plaintiff has not refuted defendant's evidence regarding his alleged misbehavior. Thus, the uncontroverted facts are that force was used in this case to control an aggressive and violent inmate who attempted to assault a hearings officer and that the amount of force used was reasonable under the circumstances. (ECF No. 15 through 20). Therefore, the Court recommends granting defendant's motion for summary judgment and revoking in forma pauperis status for the purpose of appeal.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on October 19, 2012, as noted in the caption.

Dated this 27th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge